IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SHALIESE JOHNSON, | : | |
| Plaintiff, | : | Civil Action File No. |
| | : | |
| vs. | : | |
| | : | |
| AIR PROS ATLANTA, LLC, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## COMPLAINT

Plaintiff Shaliese Johnson ("Johnson") brings this Complaint against Defendant Air Pros Atlanta, LLC ("Air Pros") and shows the Court as follows:

**1. INTRODUCTION**

1.

This is a wage and hour case. Air Pros employed Johnson over two periods, first as a customer service manager from June 8, 2021 through July 30, 2021 and subsequently as a dispatcher/office administrator from September 20, 2021 through October 29, 2021. Air Pros failed to compensate Johnson statutory minimum and overtime wages throughout her employment as required by the Fair Labor Standards Act.

2.

In addition to her federal causes of action, Johnson asserts pendent state law claims which arise out of the same set of operating facts as her federal claims. These are (1) breach of contract, (2) quantum meruit and (3) promissory estoppel.

(a) **Jurisdiction and Venue**

3.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b) and 28 U. S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

4.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Air Pros conducts business in Georgia, within this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

(b) **The Parties**

5.

Johnson resides in DeKalb County, Georgia.

6.

Air Pros employed Johnson as a customer service manager from approximately June 8, 2021 through July 30, 2021.

7.

Air Pros employed Johnson as a dispatcher/office administrator from approximately September 20, 2021 through October 29, 2021.

8.

At all times material hereto, Johnson has been an "employee" of Air Pros as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

9.

Air Pros is a domestic profit corporation organized under the laws of the State of Georgia.

10.

At all times material hereto, Air Pros was an "employer" of Johnson as defined in FLSA § 3(d), 29 U.S.C. §203(d).

11.

Air Pros is subject to the personal jurisdiction of this Court.

12.

Air Pros may be served with process through its registered agent United States Corporation Agents, Inc. located at 1420 Southlake Plaza Drive, Morrow, Georgia 30260.

**(c) Individual Coverage**

13.

During the Relevant Time Period (*i.e.* the period from June 8, 2021 through October 29, 2021*)*, Johnson regularly operated a telephone and a computer and engaged in out-of-State sales calls on behalf of Air Pros.

14.

During the Relevant Time Period, Johnson was "engaged in commerce" as employees of Air Pros as defined in the FLSA, § 6(a), 29 U.S.C. § 206 (a) and FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

**(d) Enterprise Coverage:**

15.

At all times during the Relevant Time Period, Air Pros was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 6(a), 29 U.S.C. § 206 (a) and FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

16.

During 2021, Air Pros had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

17.

During the Relevant Time Period, Johnson and other employees of Air Pros handled goods which moved in interstate commerce in the furtherance of the commercial purpose of Air Pros including computers, telephones and office supplies.

18.

During 2021, Air Pros had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

19.

During 2021, Air Pros had or is expected to have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

20.

At all times during the Relevant Time Period, Air Pros has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

**(e) Lack of Exemption**

21.

At all times material hereto, Johnson was not exempt from the minimum wage requirements of the FLSA by reason of any exemption.

22.

At all times during the Relevant Time Period, Johnson was not exempt from the maximum hour requirements of the FLSA by reason of any FLSA exemption.

23.

At all times during the Relevant Time Period, Air Pros did not employ Johnson in a bona fide professional capacity within the meaning of 29 USC § 213 (a)(1).

24.

At all times during the Relevant Time Period, Air Pros did not employ Johnson in a bona fide administrative capacity within the meaning of 29 USC § 213 (a)(1).

25.

At all times during the Relevant Time Period, Air Pros did not employ Johnson in a bona fide executive capacity within the meaning of 29 USC § 213 (a)(1).

26.

At all times during the Relevant Time Period, Johnson did not supervise two or more employees.

27.

At all times during the Relevant Time Period, Air Pros did not employ Johnson in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a)(1).

**(f) Additional Factual Allegations**

28.

At all times during the Relevant Time Period, Johnson worked remotely from her home and at times in Air Pros' office on behalf of Air Pros.

29.

At all times relevant from June 8, 2021 through July 30, 2021, Air Pros employed Johnson as a customer service manager.

30.

Johnson's primary duties as a customer service manager included, but were not limited to, handling customer complaints and dispatching calls to service technicians.

31.

During the period from June 8, 2021 through July 30, 2021, Air Pros compensated Johnson at a rate of $18.00 per hour.

32.

In addition to the hourly rate, Air Pros promised to pay Johnson a bonus at a rate of $5.00 per inbound call and $10.00 per outbound call for each call that resulted in a sales appointment, during the period from June 8, 2021 through July 30, 2021,

33.

During the period from June 8, 2021 through July 30, 2021, Johnson completed inbound and outbound calls that resulted in sales appointments as described above.

34.

During the period from June 8, 2021 through July 30, 2021, Air Pros failed to pay Johnson a bonus for her inbound and outbound calls that resulted in sales appointments.

35.

During the Relevant Time Period, Johnson generally worked from 7:00 a.m. until 5:00 p.m. during each work shift, Monday through Friday.

36.

During the period from June 8, 2021 through July 30, 2021, Johnson also worked from 7:00 a.m. until 3:00 p.m. during most Saturdays and Sundays.

37.

During the period from June 8, 2021 through July 30, 2021, Johnson usually worked 50-60 hours during most work weeks.

38.

From September 20, 2021 through October 29, 2021, Air Pros employed Johnson as a dispatcher/office administrator.

39.

During the period from September 20, 2021 through October 29, 2021, Air Pros agreed to pay Johnson a salary of $42,680.00 for her work as a dispatcher/office administrator.

40.

On or about November 12, 2021, Johnson received a payment from Air Pros that purported to be for the pay period from October 18, 2021 through October 31, 2021.

41.

Air Pros failed to pay Johnson any wages for the period from September 20, 2021 through October 17, 2021.

42.

From September 20, 2021 through October 29, 2021, Johnson regularly worked from 7:00 a.m. until 3:00 p.m., Monday through Friday and on Saturdays if needed.

43.

During the period from September 20, 2021 through October 29, 2021, Johnson usually worked 40-43 hours during most, if not all, work weeks.

44.

During the Relevant Time Period, Air Pros were aware of the actual number of hours Johnson worked.

45.

Air Pros knew or should have known that the FLSA applied to Johnson.

46.

Section 6 of the FLSA (29 U.S.C. § 206) requires that Air Pros compensate Johnson at a rate of no less than $7.25 per hour for every hour worked in a work week.

47.

Air Pros knew or should have known that the Section 6 of the FLSA requires that Air Pros compensate Johnson at a rate of at least $7.25 per hour for every hour worked in a work week.

48.

During the period from September 20, 2021 through October 17, 2021, Air Pros failed to compensate Johnson at a rate of $7.25 per hour for each hour she worked.

49.

During the period from September 20, 2021 through October 17, 2021, Air Pros willfully failed to compensate Johnson at a rate of $7.25 per hour for each hour she worked.

50.

Section 7 of the FLSA, 29 U.S.C. § 207, requires that Air Pros compensate Johnson at a rate of one–and–one–half times her regular rate for all time worked in excess of forty (40) hours in a work week.

51.

Air Pros knew or should have known that the Section 7 of the FLSA requires that Air Pros compensate Johnson a premium for all time worked in excess of forty hours in a given workweek.

52.

During the Relevant Time Period, Johnson regularly worked more than forty (40) hours during a given workweek.

53.

During the Relevant Time Period, all of Johnson's working efforts were directed at serving Air Pros' customers.

54.

During the Relevant Period, Air Pros failed to pay Johnson at one-and-one-half times her regular rate for time worked in excess of forty (40) hours in any and all workweeks.

## COUNT 1 - FAILURE TO PAY MINIMUM WAGE

55.

The allegations in paragraphs 1-54 above are incorporated herein by reference.

56.

At all times material hereto, Johnson has been an employee covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

57.

During the period from September 20, 2021 through October 17, 2021, Air Pros failed to pay Johnson any wages whatsoever.

58.

From September 20, 2021 through October 17, 2021, Air Pros failed to compensate Johnson at an hourly rate above or equal to the minimum wage as established in accordance with Section 6 of the FLSA.

59.

From September 20, 2021 through October 17, 2021, Air Pros willfully failed to compensate Johnson at an hourly rate above or equal to the minimum wage as established in accordance with Section 6 of the FLSA.

60.

As a result of the underpayment of minimum wages as alleged above, Johnson is entitled to payment of minimum wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

61.

As a result of the underpayment of minimum wages as alleged above, Johnson is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b), declaratory and injunctive relief, and reimbursement of her costs of litigation, including her reasonable attorneys' fees pursuant to 29 U.S.C. § 216(b).

### COUNT 2 - FAILURE TO PAY OVERTIME

62.

The allegations in paragraphs 1-61 above are incorporated herein by reference.

63.

At all times during the Relevant Time Period, Johnson was an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

64.

During the Relevant Time Period, Johnson regularly worked in Air Pros' employ in excess of forty (40) hours during each work week.

65.

During the Relevant Time Period, Air Pros failed to pay Johnson at one-and-one-half times her regular rate for time worked in excess of forty (40) hours during each work week.

66.

During the Relevant Time Period, Air Pros willfully failed to pay Johnson at one–and–one–half times her regular rate for work in excess of forty (40) hours during each work week.

67.

Johnson is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

68.

As a result of the underpayment of overtime compensation as alleged above, Johnson is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

69.

As a result of the underpayment of overtime compensation as alleged above, Johnson is entitled to her litigation costs, including her reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

### COUNT 3 - BREACH OF CONTRACT

70.

The allegations in paragraphs 1-69 above are incorporated herein by reference.

71.

During the Relevant Time Period, Johnson and Air Pros were parties to a contract of employment (hereafter "the Contract").

72.

The Contract provided that Air Pros would pay Johnson for work that was performed by Johnson on behalf of and for the benefit of Air Pros.

73.

Air Pros' failure to pay Johnson for bonuses she earned during the period from June 8, 2021 through July 30, 2021 constitutes a material breach of the Contract.

74.

Air Pros' failure to pay Johnson any wages for work she performed during the period from September 20, 2021 through October 17, 2021 constitutes a material breach of the Contract.

75.

As the direct and foreseeable result of these breaches, Johnson has sustained and continues to sustain damages in an amount to be proved at trial.

**COUNT 4 – QUANTUM MERUIT**

76.

The allegations in paragraphs 1-75 above are incorporated herein by reference.

77.

From on or about June 8, 2021 through July 30, 2021, Johnson served as a customer service manager for Air Pros.

78.

From on or about September 20, 2021 through October 29, 2021, Johnson served as a dispatcher/office administrator for Air Pros.

79.

Johnson's services as a customer service manager for Air Pros as described above was valuable to Air Pros.

80.

Johnson's services as a dispatcher/office administrator for Air Pros as described above was valuable to Air Pros.

81.

Air Pros requested Johnson's service as a customer service manager.

82.

Air Pros requested Johnson's service as a dispatcher/office administrator.

83.

Air Pros knowingly accepted Johnson's services.

84.

The receipt of Johnson's services for Air Pros without compensation would be unjust.

85.

Johnson expected to be compensated at the time she provided her services as a customer service manager.

86.

Johnson expected to be compensated at the time she provided her services as a as a dispatcher/office administrator.

87.

Johnson is entitled to a recover from Air Pros an amount equivalent to the bonuses she earned as a customer service manager, the exact sum to be determined at trial.

88.

Johnson is entitled to a recover from Air Pros the reasonable value of her due but unpaid salary that she earned as a dispatcher/office administrator, in an amount to be determined at trial.

89.

Johnson is entitled to a recover from Air Pros the reasonable value of the services she provided as a customer service manager for Defendant, in an amount to be determined at trial.

90.

Johnson is entitled to a recover from Air Pros the reasonable value of the services she provided as a dispatcher/office administrator for Defendant, in an amount to be determined at trial.

### COUNT 5 - PROMISSORY ESTOPPEL

91.

The allegations in paragraphs 1-90 above are incorporated herein by reference.

92.

Air Pros promised to pay Johnson in return for services she performed on its behalf.

93.

Air Pros should have reasonably expected that Johnson would induce action in reliance of said promise, *i.e.,* serve as a customer service manager for Air Pros.

94.

Air Pros should have reasonably expected that Johnson would induce action in reliance of said promise, *i.e.,* serve as a dispatcher/office administrator for Air Pros.

95.

Air Pros' promise induced Johnson to act in reliance thereof, *i.e.,* to serve as a customer service manager for Air Pros, to her detriment.

96.

Air Pros' promise induced Johnson to act in reliance thereof, *i.e.,* to serve as a dispatcher/office administrator for Air Pros, to her detriment.

97.

Johnson's service as a customer service manager for Air Pros conferred a benefit on Air Pros.

98.

Johnson's service as a dispatcher/office administrator for Air Pros conferred a benefit on Air Pros.

99.

During the period from June 8, 2021 through July 30, 2021, Air Pros failed to pay Johnson bonuses in accordance with its promise.

100.

During the period from September 20, 2019 through October 17, 2021, Air Pros failed to pay Johnson wages in accordance with its promise.

101.

Johnson relied on Air Pros' promise to pay her bonuses for inbound and outbound calls.

102.

Johnson's reliance on Air Pros' promise to pay bonuses was reasonable.

103.

Johnson relied on Air Pros' promise to pay her a salary.

104.

Johnson's reliance on Air Pros' promise to pay her a salary was reasonable.

105.

Injustice can only be avoided by enforcement of Air Pros' promises.

106.

Johnson is entitled to a recover from Air Pros the reasonable value of the bonuses she earned in an amount to be determined at trial.

107.

Johnson is entitled to a recover from Air Pros the reasonable value of the salary she earned, in an amount to be determined at trial.

WHEREFORE, Johnson respectfully prays:

1. That her claims be tried before a jury;

2. That she be awarded due but unpaid minimum wages in an amount to be determined at trial against Air Pros, plus an additional like amount in liquidated damages;

3. That she be awarded due but unpaid overtime compensation in an amount to be determined at trial against Air Pros, plus an additional like amount in liquidated damages;

4. That she be awarded her costs of litigation, including her reasonable attorneys' fees;

5. That she be awarded damages for the state law claims herein asserted in amounts to be proven at trial;

6. That she be awarded nominal damages; and

7. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

                                             ***DELONG CALDWELL BRIDGERS FITZPATRICK & BENJAMIN, LLC***

101 MARIETTA STREET
SUITE 2650
ATLANTA, GEORGIA 30303          /S/CHARLES R. BRIDGERS
(404) 979-3150                          CHARLES R. BRIDGERS
(404) 979-3170 (f)                     GA. BAR NO. 080791
charlesbridgers@dcbflegal.com   /S/ KEVIN D. FITZPATRICK, JR.
kevin.fitzpatrick@dcbflegal.com  KEVIN D. FITZPATRICK, JR.
                                           GA. BAR NO. 262375